<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RD Legal Funding Partners, LP,** | |
|               **Plaintiff,** | **Civil Action No. 11-3775 (ES)** |
| v. | <u>**OPINION & ORDER**</u> |
| **Garve W. Ivey, Jr. and Garve W. Ivey, Jr., PC d/b/a The Ivey Law Firm a/k/a Ivey & Ragsdale,** | |
|               **Defendants.** | |

<u>**SALAS, District Judge**</u>

      This matter comes before the Court on Plaintiff RD Legal Funding Partners, LP's ("Plaintiff" or "RD Legal") motion to alter a judgment pursuant to Federal Rule of Civil Procedure 60(b), (D.E. No. 12); Defendants, Garve W. Ivey, Jr. and Garve W. Ivey, Jr., PC d/b/a The Ivey Law Firm a/k/a Ivey & Ragsdale ("The Ivey Defendants"), not having filed an opposition; and the Court having considered Plaintiff's submissions, and it appearing that:

1. On June 29, 2012, this Court entered judgment against The Ivey Defendants, jointly and severally, in favor of RD Legal in the amount of $1,015,251.37 in addition to pre-judgment interest up to the date the judgment was signed. (D.E. No. 10).

2. The Court further ordered that Plaintiff was "entitled to reasonable attorneys' fees pursuant to the provisions of the parties' agreement but subject to this Court's *in camera* review of descriptive time entries from the billing records." (*Id.*).

3. The Court further ordered that "Plaintiff's counsel shall submit records supporting its claim for attorneys' fees and costs, allegedly totaling $5,752.26 and $19,420.50, to this Court on or before July 13, 2012." (*Id.*).

4. Almost one year later, on June 21, 2013, Plaintiff filed a "motion to reopen the judgment against [The Ivey Defendants] and amend the alleged costs and fees pursuant to Fed. R. Civ. Pro. 60(b)." (D.E. No. 12).

5. In support of the instant motion, Plaintiff submitted a brief that addressed why this Court's judgment should be amended pursuant to Federal Rule of Civil Procedure 60(b) for excusable neglect and in the interest of justice pursuant to Local Civil Rule 83.2(b).

Plaintiff sought to amend the judgment "to include $8,261.25 in fees and $12,216.45 in costs." (D.E. No. 12-3, Brief in Support of Motion for Relief from a Judgment Against Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law firm and Garve W. Ivey, Jr. ("Pl. Br.") at 10).

6. In support of the instant motion, Plaintiff also submitted a certification from Alan C. Thomas, which sought to "amend its application for costs and fees to reflect the true values of $8,261.25 in fees and $12,033.86 in costs, totaling $20,295.11." (D.E. No. 12-1, Cert. of Alan C. Thomas ¶ 10). Mr. Thomas's certification also referred to a "supplemental certification of Alan Thomas for an *in camera* review of fees and costs alleged by Fischer Porter & Thomas, P.C. and [a] certification of Irena Leigh Norton for an *in camera* review of the description of costs related to maintaining the collateral as prescribed by Defendant and [RD Legal's] agreement." (*Id.* at ¶ 9).

7. In support of the instant motion, Plaintiff also submitted a certification from Irena Norton, which sought "additional costs for payment of life insurance premiums on behalf of Defendant Garve W. Ivey, Jr (sic)" pursuant to a Master Assignment and Sale Agreement in the amount of $11,606.05. (D.E. No. 12-2, Cert. of Irena Leigh Norton at 2 ¶ 1 and 2-3 ¶ 2).

8. Upon review of this matter, however, this Court did not have in its possession a copy of any additional certifications for *in camera* review. Accordingly, in January 2014, this Court contacted Plaintiff's attorney to submit these certifications for *in camera* review.

9. On January 17, 2014, Plaintiff filed an *in camera* certification for attorneys' fees and costs, which attached an invoice summary that sought $16,297.50 in attorneys' fees and $786.46 in costs for a total of $17,083.96.[1]

10. Having reviewed all the materials submitted by Plaintiff both via ECF and otherwise for *in camera* review, the Court finds that Plaintiff has provided an inadequate basis for determining attorneys' fees and costs because, *inter alia*, there are inconsistent and unsupported records and documentation.

Accordingly, **IT IS** on this 14th day of March, 2014,

**ORDERED** that Plaintiff's motion to amend the judgment is denied without prejudice; and it is further

**ORDERED** that Plaintiff may re-file its motion to amend the judgment with supporting documents and billing records that clearly identify the amounts it seeks in attorneys' fees and costs; and if Plaintiff chooses to re-file its motion,

(a) Plaintiff shall explain why certain billing entries in its invoice for attorneys' fees pre-date the filing of the complaint in this matter and why it is entitled to those attorneys' fees;

---

[1] This document was not filed on the docket report via ECF.

2

(b) Plaintiff shall re-brief why this Court should amend its judgment to include attorneys' fees and administrative costs, and shall brief why reimbursements of life insurance premiums should be included in costs; and

(c) Plaintiff shall file all of its motion and supporting documents via ECF within 30 days of this Order; if Plaintiff seeks to file documents under seal, Plaintiff shall consult Local Civil Rule 5.3(c); and it is further

**ORDERED** that the Clerk of the Court shall terminate Docket Entry No. 12.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**