<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RD LEGAL FUNDING PARTNERS, LP,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 11-3775 (ES) |
| **GARVE W. IVEY, JR., et al.,** : | **OPINION & ORDER** |
| Defendant. : | |

**SALAS, DISTRICT JUDGE**

**I.    INTRODUCTION**

Pending before the Court is Plaintiff RD Legal Funding Partners, LP's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (D.E. No. 19).  Defendant Garve W. Ivey, Jr. has not filed an opposition.  Having considered Plaintiff's submissions, the Court hereby GRANTS Plaintiff's motion.

**II.    BACKGROUND**

On June 29, 2012, the Court granted Plaintiff's motion for default judgment against Defendants jointly and severally in the amount of $1,015,251.37.  (D.E. No. 10, Opinion & Order at 3).  The case involves an alleged breach of contract claim based on fraud and misrepresentation.  The Court ordered that Plaintiff was "entitled to reasonable attorneys' fees pursuant to the provisions of the parties' agreement but subject to this Court's *in camera* review of descriptive time entries from the billing records."  (*Id.*).  The Court further ordered that "Plaintiff's counsel shall submit records supporting its claim for attorneys' fees and costs, allegedly totaling $5,752.26 and $19,420.50, to this Court on or before July 13, 2012."  (*Id.*).

1

Plaintiff did not in fact submit any records supporting its claim for attorneys' fees and costs by the July 13, 2012 deadline. Plaintiff claims that, when the Court's June 29, 2012 judgment arrived in counsel's office, it was mistakenly sent to lead counsel in another matter.[1] (D.E. No. 19, Plaintiff's Brief in Support of [Second] Motion for Relief from a Judgment ("Pl. 2d Br.") at 2, ¶ 2). Plaintiff did not discover this error until after the July 13, 2012 deadline. (*Id.*).

After realizing that the deadline to submit supporting records had passed, Plaintiff filed a motion for relief from judgment on June 21, 2013. (D.E. No. 12, Plaintiff's Brief in Support of [First] Motion for Relief from a Judgment ("Pl. 1st Br.")). While preparing for this motion, Plaintiff discovered errors in the attorneys' fees and costs asserted in its earlier motion for default judgment. (Pl. 2d Br. at 3, ¶ 4). To correct these errors, Plaintiff's motion sought to amend the default judgment "to include $8,261.25 in fees and $12,216.45 in costs." (Pl. 1st Br. at 10). In addition, Plaintiff sought to submit two certifications *in camera* to verify these amounts. (Pl. 2d Br. at 3, ¶ 4).

In January of 2014, the Court notified Plaintiff that it had not received the *in camera* certifications. (*Id.* at 3, ¶ 5). On January 17, 2014, Plaintiff submitted an *in camera* certification for attorneys' fees and costs. (*Id.*). Ultimately, this certification included incorrect and inconsistent fees and costs. (*Id.*).

On March 14, 2014, the Court found that Plaintiff provided an inadequate basis for determining attorneys' fees and costs because there were inconsistent and unsupported records and documentation. (D.E. No. 15, Opinion & Order Denying Motion ("Mar. Opinion") at 2, ¶ 10). As such, Plaintiff's motion was denied without prejudice. The Court indicated that Plaintiff

---

[1] The parties in the instant matter are also parties in a matter captioned *Brevet Capital v. RD Legal Funding Partners, LP*, Civil Action No. 10-4881. The June 29, 2012 judgment was sent to lead counsel for the *Brevet* matter.

may re-file its motion with documents that clearly identify the amounts it seeks and explain why certain billing entries on the invoices predate the filing of the complaint. (*Id.* at 2-3). The Court also ordered Plaintiff to brief why reimbursement of life insurance premiums should be included in costs. (*Id.*).

On April 28, 2014, Plaintiff re-filed the instant motion. In support of the motion, Plaintiff has submitted a brief that addresses why this Court's judgment should be amended pursuant to Federal Rule of Civil Procedure 60(b) for excusable neglect. (Pl. 2d Br. at 1). Plaintiff seeks to amend the judgment to include $8,261.25 in fees and $12,216.45 in costs.[2] (*Id.* at 13).

Plaintiff's brief and supporting documents address the issues raised in the Court's March 14, 2014 Opinion. Plaintiff explained that some of the billing entries pre-date the Complaint because Plaintiff needed to re-file its original complaint due to Defendant's unresponsiveness.[3] (Pl. 2d Br. at 4 ¶ 10). Plaintiff has also submitted a certification from Alan Thomas identifying the amounts Plaintiff seeks in attorneys' fees and costs. (*See* D.E. No. 19-1, Certification of Alan Thomas ("Thomas Cert.")). Furthermore, Plaintiff submitted a certification from Irena Norton discussing why the $11,606.05 in life insurance premiums should be considered as costs. (*See* D.E. No. 19-2, Certification of Irene Norton ("Norton Cert.")). According to Plaintiff, Defendant Garve W. Ivey, Jr. assigned his life insurance policy to Plaintiff as collateral in accordance with the agreement that is the subject of this action. (Pl. 2d Br. at 5 ¶ 11; Norton

---

[2] Although Plaintiff's Brief in Support of [Second] Motion for Relief from a Judgment seeks $12,216.45 in costs, (*See* Pl. 2d Br. at 13), the documents submitted in support of the instant motion substantiate an amount of $12,033.86 in costs ($427.81 in costs plus $11,606.05 in additional costs). The Court finds this inconsistency to be insignificant.

[3] Plaintiff states that, when the Complaint was originally filed, Defendant was responsive and seemed willing to waive personal service under Federal Rule of Civil Procedure 4(d). (Pl. 2d Br. at 4, ¶ 1). Defendant requested additional time to complete the waiver and then became unresponsive. (*Id.*). By this time, the 120-day deadline for proper service was near, and the Clerk of the Court advised Plaintiff to allow the Complaint to be dismissed for lack of proper service and file the Complaint again. (*Id.*).

Cert. ¶ 1). The agreement allowed Plaintiff to pay the premiums on the life insurance policy if Defendant failed to do so. (Pl. 2d Br. at 5, ¶ 11). When Defendant failed to make the payments, Plaintiff did. (*Id.*). The $11,606.05 in additional costs that Plaintiff seeks is the amount Plaintiff paid on Defendant's behalf in order to maintain the insurance policy. (Norton Cert. ¶ 2).

### III.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff requests relief from the Court's June 29, 2012 Order granting default judgment. Specifically, Plaintiff seeks to amend the attorneys' fees and costs that were tentatively awarded therein due to excusable neglect. A party may seek to modify attorneys' fees and costs that were awarded as part of the original judgment through a Rule 60(b) motion. *See Walker v. Astrue*, 593 F.3d 274, 280 n.5 (3d Cir. 2010). At the outset, the Court must determine whether to grant the motion. Upon making this threshold determination, the Court will then assess the reasonableness of the fees and costs Plaintiff seeks, including the costs associated with the life insurance policy Defendant assigned to Plaintiff.

### A.   Motion for Relief From Judgment Pursuant to Rule 60(b)

Rule 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." The ordinary meaning of neglect is to give little attention or leave undone due to carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388 (1993) (internal citations and quotation marks omitted). The Supreme Court has held that the determination of what type of neglect will be considered excusable is "an equitable one, taking account of all relevant circumstances." *Id.* at 395; *see also Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909-10 (3d Cir. 2010) ("[Excusable neglect] is an equitable test, which requires a court to take into account the totality of the circumstances."). In determining whether to grant a Rule

60(b) motion due to excusable neglect, a district court must consider the four *Pioneer* factors: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (internal citations omitted).

As to the first *Pioneer* factor, the Court finds that Defendant would suffer no prejudice. Plaintiff's motion is unopposed as Defendant has failed to defend or otherwise appear before the Court in any capacity. Granting Plaintiff's motion would not reopen the matter for further litigation or cause Defendant to incur additional legal costs.

As to the second factor, the Court finds the length of delay insignificant. Plaintiff filed this motion within the one-year time limit imposed by Federal Rule of Civil Procedure 60(c)(1).[4] Furthermore, as previously stated, the motion is unopposed. Consequently, the Court finds that granting Plaintiff's motion would have no adverse impact on the judicial proceedings.

As to the third factor, the Court finds Plaintiff's mistake or neglect to weigh against Plaintiff. Plaintiff admits that "[u]pon receiving electronic notice of the Judgment for this case on June 29, 2012, Counsel mistakenly forwarded the Judgment to lead counsel on the Brevet Capital v. RDLFP [case] . . . rather than lead counsel for the case at hand." (Pl. 2d Br. at 11) (emphasis in original). Plaintiff further admits that counsel "neglected to follow up with lead counsel to make sure they followed District of New Jersey Local Civil Rules [for] submitting a bill of costs and affidavit of attorney fees." (*Id.* at 11-12). Plaintiff's neglect was an act of carelessness that fell completely within counsel's control. Counsel should have followed up on the status of the default judgment, yet seemingly failed to do so for nearly a year. Thus, the Court

---

[4] "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

finds that the third *Pioneer* factor does not weigh in Plaintiff's favor.

As to the fourth factor, there is no evidence that Plaintiff acted in bad faith. In fact, there is evidence to suggest the contrary. Plaintiff had nothing to gain in causing a delay. Although it took Plaintiff nearly a year to begin correcting the error, Plaintiff has since actively sought to do so. As such, the Court finds that Plaintiff was acting in good faith.

After considering the four *Pioneer* factors, the Court finds that the totality of the circumstances weigh in Plaintiff's favor. Plaintiff's motion for relief from the default judgment is hereby granted. The Court will now determine the reasonableness of the attorneys' fees and costs Plaintiff seeks.

### B. Attorneys' Fees and Costs

Ordinarily, New Jersey disfavors courts awarding attorneys' fees and costs. However, the state allows a prevailing party to recover reasonable attorneys' fees and costs if they are explicitly provided for by contract. *See Litton Indus., Inc. v. IMO Indus., Inc.,* 982 A.2d 420, 427 (N.J. 2009). To select the amount in reasonable attorneys' fees and costs that should be awarded, "a court must determine the appropriate billing rate for the party's attorneys as well as the number of hours those attorneys reasonably expended on the action." *Interfaith Cmty. Org. v. Honeywell Int'l., Inc.*, 426 F.3d 694, 718 n.5 (3d Cir. 2005). This is referred to as the lodestar. *Id.* The fee petitioner bears the ultimate burden of demonstrating reasonableness and must submit evidence supporting the claim. *Id.* A district court should exclude any fees that are "excessive, redundant, or otherwise unnecessary." *Id.* at 711 (citation omitted).

In addition to attorneys' fees and costs, Plaintiff seeks reimbursement of life insurance premium costs. Pursuant to 28 U.S.C. § 1920, Congress has provided a list of costs that courts and judges may award. In situations where costs sought by a party are not included in § 1920,

however, some courts have allowed for recovery when an agreement provides for a broader reimbursement of costs. *See TCBY Systems, Inc. v. RSP Co., Inc.*, 33 F.3d 925, 931 (8th Cir. 1994) (holding that a franchise agreement provided for reimbursement of "reasonable costs" independent of § 1920).

The agreement that is at issue in this case allows Plaintiff to recover "reasonable costs and expenses (including attorneys' fees and costs) incurred by [RD Legal] arising or resulting from such Breach." (Thomas Cert., Ex. B, ¶ 4(a)). Pursuant to this agreement, the Court may allow for fee-shifting. *See Litton Indus., Inc.*, 982 A.2d at 427.

Plaintiff has submitted certifications, including itemized invoices and billing records, in support of its request for attorneys' fees and costs. (*See* Thomas Cert. Ex. D; Norton Cert. Ex. B). Plaintiff seeks $8,261.25 in attorneys' fees for approximately 24.75 hours of work. (*See* Thomas Cert. at 4, ¶ 11, Ex. D). Plaintiff's counsel charged approximately $200.00 to $400.00 per hour.[5] Furthermore, Plaintiff seeks $427.81 in costs directly related to filing fees and mailing costs.[6] (*See id.*).

Upon review of the invoices and billing records submitted, the Court finds the hourly rate and the hours expended in the matter to be reasonable. Counsel provided detailed invoices, and the billing entries and hours expended were not "excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org.*, 426 F.3d at 711. The Court finds no reason to doubt the records provided by Plaintiff's counsel and deems the respective fees and costs reasonable.

As for the costs related to the reimbursement of life insurance premiums, the Court finds

---

[5] The invoices Plaintiff submitted do not list hourly rates. The Court calculated these hourly rates based upon the information provided in Plaintiff's invoices.
[6] The invoices Plaintiff submitted include more than $427.81 in costs. However, the Certification of Alan Thomas and Plaintiff's Brief in Support of [Second] Motion for Relief from a Judgment only seek $427.81 in costs. (*See* Thomas Cert. at 4, ¶ 10, at 5, ¶ 11; Pl. 2d Br. at 3, ¶ 7). Therefore, the Court finds $427.81 to be the operative amount in costs that Plaintiff seeks.

these costs to be reasonable as well. Again, the agreement that is the basis for this action allows for the recovery of "reasonable costs and expenses" if it is breached. (Thomas Cert., Ex. B, ¶ 4(a)). Defendant was required to pay the premium on his life insurance policy under the agreement and failed to do so, thus breaching the agreement. (Pl. 2d Br. at 5, ¶ 11; Norton Cert. ¶ 1; Thomas Cert. ¶ 16). The Court finds that the agreement between the parties allows for recovery of these costs. Plaintiff has submitted invoices detailing that the amount of premiums paid on Defendant's behalf totals $11,606.05. The court finds this amount to be reasonable.[7]

## IV. CONCLUSION

Accordingly, IT IS on this 15th day of December 2014,

ORDERED that Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), (D.E. No. 19), is hereby GRANTED; and it is further

ORDERED that the Court's June 29, 2012 Opinion & Order granting Plaintiff attorneys' fees and costs, (D.E. No. 10), is hereby amended to award $8,261.25 in attorneys' fees, $427.81 in costs, and $11,606.05 in additional costs pursuant to the provisions of the parties' agreement.

/s/*Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7] The Court also finds that these cost could be construed as damages. Plaintiff did not initially seek reimbursement of the life insurance premiums as damages in its Complaint. However, Plaintiff has asked the Court, in the alterative to awarding these payments as costs, to construe these payments as damages. (*See* Pl. 2d Br. at 5, ¶ 11). Plaintiff made these payments based on Defendant's breach of the agreement, which is related to the underlying cause of action in this matter.